# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| Clovis Shantez Liggins, | ) |
| *Plaintiff*, | ) |
| | ) Case No. 3:19-cv-50303 |
| v. | ) |
| | ) Magistrate Judge Lisa A. Jensen |
| Lieutenant Reicks, *et al.*, | ) |
| *Defendants*. | ) |

## **MEMORANDUM OPINION AND ORDER**

For the reasons stated below, Defendants' motion to stay discovery [85] is granted. All discovery is stayed pending a ruling on Defendants' motion to dismiss [73].

## I. Background

Plaintiff Clovis Shantez Liggins brings claims under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 42 U.S.C. § 1985, alleging Defendants Lieutenant Reicks, Lieutenant Murton, Officer Jonathan O'Sullivan, and Officer Thomas Albertson violated and conspired to violate his First and Fourth Amendment rights by threatening and retaliating against him for filing a grievance. Dkt. 57. On April 20, 2021, Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) seeking dismissal of Plaintiff's complaint in its entirety based in part on qualified immunity. Dkt. 73. That motion is fully briefed and under advisement before the district court.

On June 2, 2021, Defendants filed the instant motion to stay discovery pursuant to Federal Rule of Civil Procedure 26(c)(1) pending a ruling on their motion to dismiss. Dkt. 85. This Court now considers Defendants' motion after receiving briefs from both sides.

## II. Discussion

Defendants argue that all discovery should be stayed pending a resolution of their motion to dismiss because they have asserted a good faith qualified immunity defense. Plaintiff objects to staying discovery, arguing that: (1) stays are highly discouraged; (2) Plaintiff has plead egregious violations of law that no reasonable officer could have believed lawful; and (3) a determination of qualified immunity in this case is a question of fact requiring discovery.

District courts have broad discretion in managing discovery. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). In accordance with Federal Rule of Civil Procedure 26, a court may, for good cause, limit the scope of discovery or control its sequence to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *see Crawford-El*, 523 U.S. at

599; *Tamburo v. Dworkin*, No. 04 C 3317, 2010 WL 4867346, at *1 (N.D. Ill. Nov. 17, 2010). It is the movant's burden to show that good cause exists for a stay. *Harper v. Cent. Wire*, Inc., No. 19 CV 50287, 2020 WL 5230746, at *1 (N.D. Ill. Sept. 2, 2020). In determining whether good cause exists to stay discovery during the pendency of a motion to dismiss, courts consider the following factors: (1) whether a stay will prejudice the non-moving party; (2) whether a stay will simplify the issues in the case; and (3) whether a stay will reduce the burden of litigation for the parties or the court. *Id.*

In seeking to stay discovery, Defendants argue that the United States Supreme Court made it clear in *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009), that filing a motion to dismiss based on qualified immunity stays discovery. Defendants' Motion at 2, Dkt. 85. "Stays are often deemed appropriate where the motion to dismiss can resolve a threshold issue such as jurisdiction, standing, or qualified immunity or where ... discovery may be especially burdensome and costly to the parties." *DSM Desotech Inc. v. 3D Sys. Corp.,* No. 08 CV 1531, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008). Yet, the Supreme Court in *Iqbal* did not depart from the general rule that the mere filing of a motion to dismiss does not automatically stay discovery. *See Tamburo*, 2010 WL 4867346, at *2 ("*Twombly* and *Iqbal* do not dictate that a motion to stay should be granted every time a motion to dismiss is placed before the Court."). Although the Supreme Court in *Iqbal* commended the lower courts in dicta for staying discovery once the defendants raised the defense of qualified immunity, it did not eliminate a court's discretionary control over the discovery process. *See Iqbal*, 556 U.S. at 685 (rejecting the "careful-case-management approach" to discovery in "suits where Government-official defendants are entitled to assert the defense of qualified immunity"); *Tamburo*, 2010 WL 4867346, at *2 (finding court's authority to stay discovery under Rule 26 "must be exercised so as to 'secure the just, speedy and inexpensive determination of every action.'") (citations omitted). Accordingly, the Court will evaluate the factors identified above to determine if a stay is appropriate in this case.

**A. Prejudice to Plaintiff**

Plaintiff objects to a stay of discovery because he believes discovery is necessary to determine whether qualified immunity exists. Yet, Plaintiff did not seek leave to conduct discovery prior to filing his response to Defendants' motion to dismiss or otherwise explain how discovery would enable him to rebut Defendants' assertion that they are entitled to qualified immunity. "A plaintiff's right to discovery before a ruling on a motion to dismiss may be stayed when the requested discovery is unlikely to produce facts necessary to defeat the motion." *Sprague v. Brook*, 149 F.R.D. 575, 577 (N.D. Ill. 1993).

Plaintiff's arguments that discovery should be allowed because stays are highly disfavored is also without merit. Plaintiff cites to *Hansen v. Cannon*, 26 F. App'x 555, 558 (7th Cir. 2001) to argue that limited discovery is appropriate after the defense of qualified immunity is asserted. However, as Defendants point out, *Hansen* is distinguishable because the court evaluated the need for discovery when addressing qualified immunity in a motion for summary judgment on contested factual assertions. Here, by contrast, Defendants seek dismissal based on qualified immunity in a motion to dismiss. The motion to dismiss does not raise factual issues requiring discovery to resolve. Plaintiff even admits that at this stage of the litigation, his claims "must be considered true." Plaintiff's Motion at 2, Dkt. 89. Accordingly, Plaintiff has not explained why discovery is necessary to resolve the pending motion to dismiss. *See Crawford-El*, 523 U.S. at 598 (stating that

before allowing discovery, the district court should determine whether, assuming the truth of the plaintiff's allegations, the official's conduct violated clearly established law).

Plaintiff also speculates that his compliant will survive Defendants' motion to dismiss and argues that discovery is crucial in light of his credible allegations of a wide-spread conspiracy among Defendants to commit constitutional violations. This Court is not inclined to prejudge Defendants' pending motion to dismiss and will leave a more considered evaluation to the district court. *See New England Carpenters Health & Welfare Fund v. Abbott Labs*, No. 12 C 1662, 2013 WL 690613, at *2 (N.D. Ill. Feb. 20, 2013) ("Furthermore, asking this Court to make a preliminary finding on the likelihood of success on the merits circumvents the usual procedures for ruling on the motion."). However, the Court notes that even in one of the example cases Plaintiff cites for support, *Redmon-El v. Sullivan et al.*, Case No. 3:20-cv-50128 (N.D. Ill. 2020), discovery is stayed, albeit pursuant to the parties' agreement, pending a ruling on the defendants' motion to dismiss based in part on qualified immunity.[1]

Although delaying discovery could delay the ultimate resolution of this case should Defendants' motion to dismiss be denied, this Court has broad discretion to defer discovery if such discovery is unnecessary to resolve the threshold immunity issue in the motion to dismiss. *See Landstrom v. Illinois Dep't of Children & Family Services*, 892 F.2d 670, 674 (7th Cir. 1990) (affirming district court's decision to stay discovery pending resolution of threshold qualified immunity issue on motions to dismiss). This factor weighs in favor of a stay of discovery.

### B. Simplify the Issues

Defendants' motion to dismiss raises a threshold issue of qualified immunity. The Court will not speculate about the outcome of the motion to dismiss but does note that if the motion is granted, it could dispose of the entire case or narrow the issues significantly. This factor weighs in favor of a stay because the costs and burdens of discovery may prove unnecessary if the motion to dismiss is granted. *See Crawford-El*, 523 U.S. at 598 (noting that "if the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery").

### C. Burden of Discovery

Discovery creates a variety of costs and burdens for the parties and the court. As Defendants point out, Supreme Court precedent indicates a preference toward staying discovery pending a resolution of qualified immunity "at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Defendants' Motion at 2, Dkt. 85. The aim is to protect defendants from the burdens of litigation and discovery, when possible, prior to the resolution of whether those officials are entitled to qualified immunity. *See Pearson*, 555 U.S. at 232 ("[T]he driving force behind creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials [will] be resolved prior to discovery.") (internal quotation marks and citation omitted). Granting the stay will promote efficient use of the parties'

---

[1] Plaintiff also cites to *Rodriguez v. Hudson et al*, Case No. 3:20-cv-50077 (N.D. Ill. 2020). The merits of the *pro se* complaint in that case have not yet been addressed because the case is stayed pending a ruling on a similar *Bivens* claim in another case. *See id.* at Dkt. 44.

and the court's resources and avoid unnecessary discovery expense for claims that may be dismissed. Thus, this factor also favors a stay.

While Plaintiff's desire to proceed with discovery is understandable, it does not outweigh the burden on Defendants who have asserted immunity defenses that are potentially dispositive of the entire case. *See Iqbal*, 556 U.S. at 672 (stating that qualified immunity "is both a defense to liability and a limited 'entitlement not to stand trial or face the other burdens of litigation'") (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Considering the above factors, the Court finds that a stay of discovery is appropriate in this case. Accordingly, Defendants' motion to stay discovery is granted. All discovery is stayed pending a ruling by the district court on Defendants' motion to dismiss.

Date: July 8, 2021             By:        /s/ Lisa A. Jensen
                                                                   Lisa A. Jensen
                                                                   United States Magistrate Judge